**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/2024
```

---

UNITED STATES OF AMERICA,

           - against -

JOSE SANTANA,

                Defendant.

---

**22 Cr. 368 (VM)**

<u>**ORDER**</u>

**VICTOR MARRERO, United States District Judge.**

Presently before the Court is the sentencing of defendant Jose Santana ("Santana"). On May 17, 2024, the Court conducted a sentencing hearing on this case. After argument from both the Government and the defense, the Court orally imposed a sentence of 156 months' imprisonment, to be followed by three years of supervised release. However, upon further review, and after providing notice to both parties, the Court has determined that this sentence was based on clear error. It should be vacated and a corrected sentence imposed. Specifically, in determining the initial sentence, the Court mistakenly referenced certain factors that, on further review, the Court realized were not pertinent to this case. Accordingly, the Court finds it warranted to correct this clear factual error and amend the sentence to 114 months' imprisonment.

1

Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 14 days after sentencing," the Court "may correct a sentence that resulted from arithmetical, technical, or *other clear error*." (emphasis added). This rule encompasses more than simple mathematical or technical mistakes; it allows courts to rectify obvious mistakes that affect the fairness and accuracy of the sentence. See United States v. Waters, 84 F.3d 86, 89 (2d Cir. 1996) (Rule 35's "clear error" standard applies to "obvious error[s] or mistake[s]" in sentencing that "would almost certainly result in a remand of the case to the trial court." (quoting United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995)); United States v. Springer, No. 21-4492, 2022 WL 11112714, at *2 (4th Cir. Oct. 19, 2022) (Rule 35(a) "gives the sentencing court 'the authority to modify a sentence to correct an acknowledged an obvious mistake.'" (quoting United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989)). This authority extends to correcting sentences that were "premised on . . . inaccurate information." United States v. Rega, No. 84 Cr. 63, 2003 WL 22852247, at *2 (S.D.N.Y. Dec. 1, 2003); see United States v. Schenian, 847 F.3d 422, 424 (7th Cir. 2017) (Easterbrook, J.) (noting that a sentencing court may revise a "mistakenly high sentence" under Rule 35(a) based on the court's "reliance on false information"); United States v. Littlefield, 543 F.

Supp. 420, 424 (N.D. Fla. 1982) ("Reliance for sentencing upon incorrect information may be a ground for a sentence reduction [under Rule 35]."); United States v. McRoy, 452 F. Supp. 598, 603 (W.D. Mo. 1978) ("There is no question that if . . . [the Court] relied on incomplete and inaccurate information at the time the sentence was imposed[,] . . . the Court may properly grant relief by reducing defendant's sentence."); cf. United States v. Stein, 544 F.2d 96, 102-103 (2d Cir. 1976) (vacating sentence based on inaccurate information).

In this case, the Court finds it necessary to exercise its authority to amend Santana's sentence *sua sponte* in order to correct clear error made by the Court during Santana's sentencing hearing. While such motions are typically brought by the parties, Rule 35(a) permits the Court to correct its own clear error. See Fed. R. Crim. P. 35 Advisory Committee's Notes on 1991 Amendment (confirming that courts "could *sua sponte* make [a] correction"); United States v. Colace, 126 F.3d 1229, 1231 (9th Cir. 1997) ("[Rule 35] corrections can be made *sua sponte*."); United States v. Gao, No. 18 Cr. 373, ECF No. 87, at 2 (D. Nev. May 26, 2023) ("[T]he Court is authorized under Rule 35(a) to correct [an erroneous sentence] *sua sponte*."). And "[w]hile it is true that an oral pronouncement of sentence controls over a written

pronouncement, a written correction supersedes an erroneous, illegal oral sentence." Id. (internal citation omitted) (citing Colace, 126 F.3d at 1231).

In this case, the Court initially imposed an oral sentence of 156 months' imprisonment. The Court's ruling considered the parties' stipulated sentencing range of 151 to 168 months' incarceration, which the Probation Office's calculation supported. The Government recommended a sentence at the low end of the stipulated range, and the Probation Office recommended a downward variance to 120 months' incarceration. Sanatana argued for a term of incarceration of 60 months.

In part, the initial 156-month sentence was based on two erroneous findings that the Court articulated during the sentencing hearing: (1) that the offense involved the presence of a firearm, and (2) that the sentence was warranted in comparison to a sentence received by a purported co-defendant. However, subsequent review confirmed that neither of these considerations relates to this case.

As an aspect of Santana's sentencing, the Court was called upon to determine whether Santana qualified as a career offender under the Sentencing Guidelines, as the Government had argued and as the presentence investigation report ("PSR") had found. Central to that determination were two

previous state convictions for unlawful possession of a firearm, which the Court had to take into account in evaluating Sanatana's career offender status. (See Dkt. No. 54, PSR ¶¶ 45, 47.) In stating the 156-month sentence that the Court imposed on Santana for his offense in this case, the Court mistakenly referenced possession of a firearm that related to Santana's career offender convictions described above.

The Court's reference to a co-defendant reflected conflation with factual circumstances pertaining to the sentencing of the defendant in another case that the Court also had before it prior to Santana's sentencing hearing.

These misapprehensions could have influenced the Court's initial sentencing determination, arguably leading to a more severe penalty. See United States v. Mescaine-Perez, 849 F.2d 53, 58 (2d Cir. 1988) (defendants have a "due process right not to be sentenced on the basis of inaccurate information," even if the initial sentence falls "within the statutory limits set by Congress"). Recognizing its clear error, the Court concludes that it must adjust Santana's sentence to remove the possibility that Santana's sentence may have been influenced by the mistaken considerations described here. See Stein, 544 F.2d at 102-103 (emphasizing that if a "judge found that her material assumptions [at sentencing] had been

incorrect, it would become necessary to vacate the sentence and resentence the defendant" (footnote omitted)). Accordingly, the Court promptly issued notice to the Government and the defense, inviting them to submit any pertinent information regarding the proposed amendment.

Given the corrected information, and after careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a sentence of 114 months' imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing. This sentence reflects the Court's acceptance of the Probation Office's recommendation of 120 months' incarceration, adjusted downward by six months to take into account a circumstance the Probation Office's recommendation does not specifically reflect: Santana's incarceration at the Bureau of Prisons' MDC facility since December 2021. Given the severe prison conditions that prevail at the MDC (conditions that amount to imposing harsher punishments on prisoners), this Court and others have adjusted sentences of defendants in custody there for lengthy periods.

The record reflects that the nature and circumstances of Santana's offense, while serious, did not involve a firearm. Furthermore, the reference to a co-defendant should no longer be a factor. This revised sentence reflects the seriousness

of the offense, promotes respect for the law, affords adequate deterrence, and protects the public, while also taking into account Santana's personal history and characteristics in a manner that is fair and just. It also ensures that the sentence is fair and commensurate with Santana's actual conduct and the accurate circumstances of the case.

For the foregoing reasons, the Court hereby amends the sentence previously imposed on defendant Jose Santana. The sentence is hereby reduced from 156 months' imprisonment to 114 months' imprisonment. All other aspects of the original judgment, including the terms of supervised release, fines, and special assessment, remain unchanged. Because the Court recognized its error immediately after the sentencing hearing, the Court refrained from entering the judgment on the docket. Accordingly, the docketed judgment will reflect the amended sentence.

**SO ORDERED.**

Dated:      20 May 2024
            New York, New York

_____
                    Victor Marrero
                    U.S.D.J.